# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SAN MAR CORPORATION,

     Plaintiff,

v.                                                             Case No. 8:25-cv-3066-TPB-AEP

BRYAN ROUGH,

     Defendant.

_____/

## ORDER GRANTING IN PART, DENYING WITHOUT PREJUDICE IN PART, AND DEFERRING IN PART "PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER"

This matter is before the Court on "Plaintiff's Motion for Temporary Restraining Order," filed on November 6, 2025. (Doc. 2). After reviewing the motion, court file, and the record, the Court finds as follows:

## Background

According to the allegations of the complaint, Plaintiff SanMar Corporation is Washington-based corporation in the business of selling imprintable blank apparel. Defendant Bryan Rough began working for Plaintiff on December 20, 2024, as a full-time, remote process optimization engineer in Tampa, Florida.

At issue here, on January 7, 2025, Plaintiff and Defendant entered into a confidentiality agreement. During the course of Defendant's employment, Plaintiff gave Defendant a laptop, support services, and computer software that gave him access to Plaintiff's confidential information related to Defendant's job responsibilities, and Defendant agreed to maintain that confidentiality.

On September 9, 2025, Defendant connected an external hard drive to his laptop and downloaded over 1,000 files from the corporate OneDrive account to the hard drive.  Defendant then attempted to delete the entirety of the corporate OneDrive account but was unsuccessful.  Plaintiff represents that the OneDrive contains many corporate documents, including confidential information.   Defendant also recorded internal corporate Microsoft Teams meetings.

On September 22, 2025, Plaintiff issued a final written warning to Defendant for violating Plaintiff's policy for acceptable standards for business behavior. Defendant apparently disregarded the warning – he continued to access Plaintiff's confidential information without authorization.  For instance, on September 26, 2025, Defendant logged on to Plaintiff's proprietary warehouse management system from his personal laptop and downloaded a substantial amount of customer information, including customer contact information.

On November 3, 2025, Plaintiff terminated Defendant's employment due to unprofessional and disruptive behavior at an offsite event on October 29th. Following Defendant's termination, Plaintiff discovered that Defendant had attempted to use his corporate credit card to purchase over $200,000 worth of unapproved, personal purchases on November 3rd and 4th.[1]

Plaintiff claims that Defendant "attempted to extort" it by threatening to use and disclose Plaintiff's confidential information and trade secrets unless Plaintiff

---

[1] Plaintiff was able to decline charges for the vast majority of the unauthorized purchases, but Defendant was successful in purchasing around $10,000 worth of products and services. These particular purchases occurred after Defendant's employment was terminated.

paid him a severance. Among other things, Defendant threatened to "send out a blast email to all customers of how [Plaintiff] treats disabled veterans" if he did not receive a response. Plaintiff sent a cease and desist letter on November 5th. Defendant responded to the emails indicating that he intended to take legal action unless Plaintiff complied with his requests, and that otherwise, he would inform all of their customers.[2]

On November 6, 2025, Plaintiff filed a complaint asserting several claims for relief: violation of the federal Defend Trade Secrets Act (Count I), violation of the Florida Uniform Trade Secrets Act (Count II), breach of contract (Count III), breach of fiduciary duties (Count IV), conversion (Count V), and tortious interference with business relationships (Count VI).[3] The instant motion seeks both a temporary restraining order and a preliminary injunction to prevent Defendant from sharing Plaintiff's trade secrets and confidential information.

## **Legal Standard**

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b). Under Rule 65(b)(1), a federal court may only issue a temporary restraining order without first giving notice to the enjoined parties if the movant provides:

> (A) specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the

---

[2] As to the cease and desist letter specifically, Defendant responded "fuck you with a cease and desist, I wipe my ass with that."
[3] The Court notes that the counts are misnumbered, and both the breach of fiduciary duties claim and conversion claim are labeled as Count IV.

movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give
notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). If the movant establishes that it is justified in seeking *ex
parte* relief, it next bears the burden to establish that injunctive relief is appropriate
by showing: "(1) a substantial likelihood of success on the merits; (2) that
irreparable injury will be suffered if the relief is not granted; (3) that the threatened
injury outweighs the harm the relief would inflict on the non-movant; and (4) that
entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v.
Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005)

## Analysis

The Court finds that issuing this Order without notice pursuant to Rule
65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has
presented specific facts in the complaint showing that immediate and irreparable
injury, loss, or damage will result to Plaintiff before the adverse party can be heard
in opposition. In the absence of an *ex parte* order, Defendant will likely continue to
possess and appears likely to misuse and misappropriate Plaintiff's confidential
information, including client lists with contact information, posing an imminent
risk of disclosure and irreparable harm to Plaintiff. If notice is provided, there is a
grave risk Defendant may disseminate Plaintiff's confidential information and trade
secrets.[4] TROs are designed to protect against this type of injury.

---

[4] *See* footnote 2.

Plaintiff has also demonstrated the requirements for temporary injunctive relief. Plaintiff has shown a strong probability of success on the merits. Here, Plaintiff has sufficiently alleged that Defendant breached the confidentiality agreement between the parties by his unauthorized transfer of confidential and trade secret information and has continued to possess the information on an external hard drive after the termination of his employment, in violation of the agreement. Plaintiff has further established that Defendant has unauthorized access to trade secrets, including client lists, and that he has refused to return or delete the information on the external hard drive.

Second, Plaintiff has established that a threat of immediate and irreparable harm will occur unless Defendant is enjoined. The transferred information consists of Plaintiff's sensitive and valuable data, and Defendant's continued possession will likely lead to the dissemination of trade secrets and confidential information, as Defendant has already threatened to expose trade secret information if he does not receive severance pay. Notably, "[p]ursuant to Florida law, irreparable harm is presumed when a party appropriates or intends to appropriate trade secrets for its own use." *Backjoy Orthotics, LLC v. Forvic Int'l Inc.*, No. 6:14-cv-249-Orl-41TBS, 2015 WL 12915119, at *5 (M.D. Fla. July 28, 2015) (internal citations omitted).

Any potential harm to Defendant from restraining his use of Plaintiff's trade secrets and confidential information is outweighed by the potential harm to Plaintiff if relief is not issued. "[R]estraining [Defendant] from engaging in activities that violate valid restrictive covenants would not harm [Defendant] because [he] freely

entered into and agreed to be bound" by the agreement. *Medi-Weightloss Franchising USA, LLC v. Sadek*, No. 8:09-cv-2421-T-24MAP, 2010 WL 1837767, *7 (M.D. Fla. Mar. 11, 2010).  And the public interest considerations weigh largely in favor of granting the temporary restraining order by promoting protecting trade secret client lists and enforcing valid contracts between parties.

Consequently, the Court finds that good cause exists to grant Plaintiff's motion for a temporary restraining order.  Whether a bond should be posted and the amount of security is a matter within the discretion of the trial court.  *See Carillon Imps., Ltd. v. Frank Pesce Int'l Grp. Ltd.*, 112 F.3d 1125, 1127 (11th Cir. 1997).  The Court believes that Plaintiff should be required to post a bond of $10,000.00 as security.  *See* Fed. R. Civ. P. 65(c).

Accordingly, it is

ORDERED, ADJUDGED, and DECREED:

(1)    "Plaintiff's Motion for Temporary Restraining Order" (Doc. 2) is hereby GRANTED to the extent that Plaintiff seeks a temporary restraining order.

(2)    Defendant Bryan Rough shall not directly or indirectly use, disclose, or transmit for any purpose any information contained in the records of Defendant, including, but not limited to, the names, address, and financial information of Defendant's clients and customers.

(3)    Defendant shall not use Plaintiff's confidential information for any purpose, including making defamatory or disparaging comments about Plaintiff, its employees, operations, or services.

(4)     Plaintiff's requests pertaining to access and forensic review of Defendant's personal laptop and other personal electronic devices and the return of the corporate laptop and any hardcopy records are denied without prejudice.  The Court prefers to resolve these requests with the input of Defendant.

(5)     Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiff shall post a bond in the amount of $10,000.00 on or before November 12, 2025, as payment of damages to which Defendant may be entitled to for a wrongful injunction or restraint.

(6)     Immediately upon the entry of the temporary restraining order, Plaintiff is directed to serve on Defendant a copy of the summons, the complaint, "Plaintiff's Motion for Temporary Restraining Order," a copy of any affidavit and other paper submitted in support of the motion, and a copy of this Order.  *See* Local Rules 6.01; 6.02.

(7)     Plaintiff is directed to file proof of service promptly after service is effected.

(8)     Defendant is directed to file his response to Plaintiff's motion within 7 days after service of the above-referenced documents.

(9)     This Order shall remain in effect for two (2) weeks from the date of entry of this Order and expires on November 21, 2025, or until such further dates as set by the Court or stipulated to by the parties.

(10)    Following service and an opportunity to respond, the Court will

expeditiously set a hearing to address the request for preliminary injunction,

if appropriate.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>7th</u> day of

November, 2025.

_____

TOM BARBER
UNITED STATES DISTRICT JUDGE